UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BROWN,

    Plaintiff,

v.                                                               Case No. 8:23-cv-2088-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

## **O R D E R**

Before the Court is the Plaintiff's unopposed amended motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 32).[2] For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in September 2023 seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In February 2024, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

[2] The Court denied the Plaintiff's original motion without prejudice to allow the Plaintiff an opportunity to address the requested hourly rate for the work performed by a paralegal. (Doc. 30).

27). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 28). The instant motion, uncontested by the Commissioner, followed. (Doc. 32).

## II.

The EAJA authorizes a court to grant attorneys' fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. 28 U.S.C. § 2412(d). To warrant the issuance of fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and his net worth must not have exceeded $2,000,000 at the time he commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, it is appropriate to grant attorneys' fees pursuant to the EAJA in this case.

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States]

2

> shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla.

3

Feb. 7, 2022); *Bragg v. Comm'r of Soc. Sec.*, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021); *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021). The Court therefore finds there is a sufficient basis to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[3] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments). Given this case authority, the Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited May 23, 2024).

Here, the Plaintiff seeks $6,986.25 in attorneys' fees predicated upon a total of 28.7 hours expended in this action in 2023 by his lawyers, Kira Treyvus and Jason Quick, at the hourly rates of $240 and $243.75.[4] (Doc. 32 at 7). To buttress his fee

---

[3] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

[4] Ms. Treyvus and Mr. Quick performed work at the hourly rate of $240 from May 2023 to November 2023 and at the hourly rate of $243.75 during December 2023. (Doc. 32 at 3, 7).

4

request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Ms. Treyvus and Mr. Quick rendered in the case. (Doc. 32-1 at 5). The Commissioner does not contest the Plaintiff's calculated fee figure. (Doc. 32 at 7).

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rates claimed by counsel are both reasonable and adequately supported. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). The Plaintiff is thus entitled to $6,986.25 in attorneys' fees.

In addition to the above amount, the Plaintiff seeks $300 in paralegal fees based upon four hours of labor completed by a paralegal at the hourly rate of $75. (Doc. 32 at 7). To bolster this portion of his fee request, the Plaintiff submits an itemized schedule of the work undertaken by the paralegal. (Doc. 32-1 at 5). The Commissioner also does not oppose this relief. (Doc. 32 at 7).

Paralegal fees are recoverable under the EAJA as long as the hourly rate and the time expended are reasonable and the services rendered are of the type normally engaged in by a lawyer. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (ruling that paralegal fees are recoverable under the EAJA at the prevailing market rate); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (determining that paralegal fees are compensable "to the extent that the paralegal perform[ed services] traditionally done by an attorney"). After careful review, the Court finds that the amount of time

5

and the hourly rate claimed by the paralegal are both appropriate and properly supported, and that the work provided by the paralegal is consistent with that usually rendered by counsel. *See Feaster v. Comm'r of Soc. Sec.*, 2022 WL 1555435, at *2 (M.D. Fla. May 17, 2022); *Barreras*, 2021 WL 3934269, at *3. As a result, the Plaintiff is entitled to $300 in paralegal fees.

### III.

For the reasons set forth above, it is hereby ORDERED:

1. The Plaintiff's unopposed amended motion for attorneys' fees pursuant to the EAJA (Doc. 32) is granted.

2. The Plaintiff shall be awarded fees in the total amount of $7,286.25.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff. If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyers.

SO ORDERED in Tampa, Florida, this 31st day of May 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record